## Biordi *v.* Yanosevich, Appellant.

*Equity—Injunction—Lease—Interpretation—Course of conduct.*

In a bill for an injunction to restrain a tenant from interfering with the erection of a wall in a cellar, the evidence proved that plaintiff leased to defendant part of a building "together with the cellar

thereunder, except so much of same cellar as the Majestic Lunch shall have the privilege of using when the show is closed." The testimony also established that the part of the cellar in question was not directly under defendant's leasehold, and that other tenants in the building made use of it.

In such case the word "thereunder" was properly construed in its ordinary meaning of directly underneath, and a decree enjoining defendant from interference with the plaintiff's use of the remainder of the cellar will be sustained.

The continued use of the cellar by the other tenants is further evidence of a course of conduct from which it may be inferred that the parties did not intend defendant should have the exclusive use and occupancy of the entire space under the first floor.

Argued April 18, 1928.   Appeal No. 619, April T., 1928, by defendant from decree of C. P., Lawrence County, Sitting in Equity, No. 4, March T., 1926, in the case of John Biordi and Frank Biordi v. Isadore Yanosevich. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for an injunction. Before HILDEBRAND, P. J.

The facts are stated in the opinion of the Superior Court.

The court granted an injunction. Defendant appealed.

*Error assigned,* was among others, the decree of the court.

*J. Norman Martin,* of *Martin & Martin,* for appellant, cited: Evans v. Edelstein, 276 Pa. 516; White v. Smith, 33 Pa. 186; 12 A. & E. Enc. of Law 570; Stilley v. Pittsburgh-Buffalo Co., 234 Pa. 492; Lauderbach-Zerby Co. v. Lewis, 283 Pa. 250; Berridge v. Glassey, 112 Pa. 442; Book v. Wire Nail Co., 151 Pa. 499; Catawissi R. R. Co. v. P. & R. R. Y. Co., 255 Pa. 269.

*William McElwee, Jr.,* for appellee, cited: Silverthorn v. Silverthorn, 276 Pa. 579; Yeatts & Troth v.

Doyle, 190 Pa. 129; Kinter v. Com. T. R. Co., 274 Pa. 436; Wissler v. Hershey, 23 Pa. 333; Hacke's Appeal, 101 Pa. 245.

OPINION BY TREXLER, J., July 12, 1928:

John Biordi and Frank Biordi leased unto Isadore Yanosevich "(that certain room, together with the cellar thereunder except so much of the same cellar as the Majestic Lunch shall have the privilege of using when the show is closed, known as the Majestic Theater, situated at Nos. 506 and 508 Lawrence Avenue, Ellwood City, Lawrence County, Pennsylvania, and in which said theater is now located.)"

The Majestic Theater occupied the major portion of the first floor of the property and had an entrance from Lawrence Avenue. On one side of the entrance to the theater room, there was a small room known as the Majestic Shoe Shine and on the other side of the entrance was a small room known as the Majestic Lunch and on the second floor of the building there were living rooms and apartments. There was a cellar under the entire building which included the space under all three rooms, the Majestic Shoe Shine, the Theater and the Lunch. It was not partitioned off, but there were two rows of pillars which it appears coincided with the division walls on the first floor. A stairway led from the Majestic Theater room to the cellar and formed the means of approach from the first floor into the cellar under the Majestic Lunch and a trap-door permitted access into the cellar from the Majestic Shoe Shine. Under the room occupied by the Majestic Shoe Shine, at the time the lease was made, were the sewer connections, hot and cold water, spigots and tubs used for washing cloths and mops used in and about the theater as well as the wearing apparel of one of the plaintiffs who at the time lived in the apartments on the second floor. Gas and water pipes leading to the apartments

on the second floor had been disconnected in the cellar and thus the apartments were without heat, gas, water and electric current.  The plaintiffs were desirous of restoring this service and endeavored to erect a heating plant and construct a partition so that the cellar under the Majestic Shoe Shine should be entirely distinct and apart from the cellar immediately under the Majestic Theater and to this the tenant of the Majestic Theater objected and the present suit of equity is the outcome.

The bill of complaint contains a request for an injunction restraining the tenant from interfering with the erection of a wall in said cellar and from interfering with the erection of a heating plant within said area, being part of the cellar not immediately under the Majestic Theater.  The lower court granted the injunction and this appeal followed.

The subject of the lease is the room known as the Majestic Theater together with the cellar thereunder. The defendant construes the word "thereunder" as embracing not only the cellar beneath the Majestic Theater, but the spaces under the Majestic Lunch and Shoe Shine.  The lower court points out that the continued use of the cellar under the Shoe Shine by one of the plaintiffs, Frank Biordi, since the making of the lease and by the occupant of the Majestic Shoe Shine is some evidence apart from the lease, that the parties did not intend that the defendant should have exclusive occupancy and use of the entire space under the first floor including that under the Shoe Shine where the plaintiffs propose to erect the heating plant. This use of the space continued with the implied permission of the defendant for some months after the leasing of the Theater room and if there be any ambiguity in the lease, the course of conduct of the parties to it may be regarded as evidence of their interpretation of it.  Apart from this, in taking the lease

entirely by itself, the word "under" means "beneath" and the parts of the cellar under the Shoe Shine and the Lunch Room were certainly not under the Theater. We think, therefore, the court was right in granting the injunction.

Recurring to the part of the lease quoted above, the appellant calls attention to the matter that the clause contains these words "so much of the same cellar as the Majestic Lunch shall have the privilege of using when the show is closed" and that this exception implies that all the rest of the cellar goes to the tenant, but we cannot follow this argument for it appears that the Majestic Lunch had the privilege of using an entrance to the cellar directly from the Theater when the show was closed and it is apparent that this exception was merely to cover the means of access to the cellar by way of the stairway from the room known as the Majestic Theater. This seems to be evident for the reason that it was to be only used when the show was not being exhibited. Objection is made that by the conclusion the lower court reached, the defendant is prevented from having access to the hot and cold water spigots and the sewer inlet in the cellar which appliances the defendant is obligated to keep in repair in the lease, as said subjects are directly under the Majestic Shoe Shine and the erection of a wall would prevent access to them, but the court evidently had this in mind when in its injunction order, for it provided that an opening to permit a free passage by the defendant, his agents and employees, to keep in repair these connections should be provided.

The appellant argues that the lease being ambiguous must be construed against the lessor. There is nothing in the case which would move us to construe the word "thereunder" other than in its ordinary meaning of directly underneath.

The decree is affirmed and the appellant to pay the costs.